# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ACCOUNTING PRINCIPALS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SOLOMON EDWARDS GROUP, LLC, ) <br> RICH DIAZ, AND MELISSA IVERS ) <br> ) <br> Defendants. ) <br> ) | Case No. 09-2085-CM |

## MEMORANDUM AND ORDER

This action was filed by Accounting Principles, Inc. ("API") in February 2009. API brings three claims that arise from the alleged transfer of API's confidential information to defendant Solomon Edwards Group, LLC's ("SEG") by defendants Melissa Ivers and Richard Diaz. This matter is before the court on SEG's Motion to Appoint a Magistrate for Discovery Issues or, in the Alternative, a Special Master (Doc. 98).

SEG requests a special master under Federal Rule of Civil Procedure 53(a), which provides for the appointment of a master to address pretrial matters "that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." Fed. R. Civ. P. 53(a)(1)(C). Special masters are appointed at the discretion of the court in limited circumstances. *Ash Grove Cement Co. v. Wausau Ins. Co.*, No. 05-2339-JWL, 2007 WL 689576, at *3 (D. Kan. Mar. 1, 2007). Generally, the appointment of a master contemplates situations "that have some inherent complexity, technical issues that call for someone with a specific expertise, or even to pursue some policing or investigation outside the traditional role of judicial officers." *Id*. When determining whether to appoint a master, "the court

must consider the fairness of imposing the likely expenses on the parties and must protect against unreasonable expense or delay." Fed. R. Civ. P. 53(a)(3).

SEG argues that a special master is needed to (1) aid the parties in controlling the extensive and expensive electronic discovery; (2) aid the parties in determining a cost-effective manner to purge any data that originated from API that may be in SEG's system; and (3) aid the parties in organizing discovery to deal with the fundamental issues of the case. API opposes the appointment of a special master, arguing that there are no complex issues or acrimonious relationships that require a special master.

The court has reviewed the record and agrees with plaintiff. The issues in this case are not unusually complex. The pending discovery dispute is similar to disputes often handled by magistrates in this district. There is only one discovery motion pending before the court. This case is not a case with multiple discovery motions or complex issues or a case that will monopolize the court's resources. SEG has not identified any issues that cannot be handled in an efficient and timely manner by Magistrate Judge O'Hara, or the undersigned judge. Further, the additional expense of a special master is not warranted. A computer-forensics expert may be needed for the parties to determine issues pertinent to discovery, but appointing a special master will not address these concerns. Judge O'Hara can resolve the discovery issues pending before the court.

After considering the limited circumstances in which a special master is appropriate, the court finds that the appointment of a special master is not warranted in this case.

**IT IS THEREFORE ORDERED** that Defendant Solomon Edwards Group, LLC's Motion to Appoint a Magistrate for Discovery Issues or, in the Alternative, a Special Master (Doc. 98) is denied without prejudice.

Dated this 3rd day of August 2010 at Kansas City, Kansas.

    s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**