IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ACCOUNTING PRINCIPALS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-2085-CM |
| | ) | |
| SOLOMON EDWARDS GROUP, LLC, | ) | |
| RICH DIAZ, and MELISSA IVERS, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This case is about the alleged misappropriation of supposedly proprietary business information belonging to the plaintiff, Accounting Principals, Inc., by the defendants, Soloman Edwards Group, LLC, Rich Diaz, and Melissa Ivers. Plaintiff has filed a motion to compel responses by defendants to four sets of document requests (**doc. 83**). Defendants have responded (doc. 93) and plaintiff has filed its reply (doc. 97).

Subsequent to the filing of plaintiff's reply, defendants filed a motion to appoint a magistrate judge for discovery issues or, in the alternative, a special master (doc. 98). In that motion, defendants referred to the seeming impasse the parties had arrived at regarding discovery in this matter, and they requested that a neutral party be appointed to oversee a cost-effective manner of managing the discovery of electronically stored information ("ESI"). The presiding U.S. District Judge, Carlos Murguia, denied defendants' motion on the grounds that nothing in this case is of a specialized or highly technical nature that would warrant a special master to oversee discovery, and that the pending discovery dispute could

be handled by the undersigned U.S. Magistrate Judge, James P. O'Hara (*see* doc. 107).

Shortly after filing their motion to appoint a special master, defendants, without leave of court, filed a surreply to plaintiff's motion to compel (doc. 100). The surreply further addressed the motion to compel and also referenced the motion to appoint a special master. Plaintiff then filed a motion to strike defendants' surreply, which presumably prompted defendants to file an after-the-fact motion for leave to file a surreply.

As a preliminary matter, plaintiff's motion to strike defendants' surreply (**doc. 101**) is granted and defendants' motion to file a surreply (**doc. 108**) is denied. Surreplies are not contemplated under D. Kan. Rule 7.1(c), which requires responsive briefs and permits reply briefs. Surreplies are permitted only in rare cases with leave of court where a nonmoving party needs to respond to information raised for the first time in a reply brief.[1] The only reason advanced by defendants in justifying their surreply is that it is needed "so that the court can have a more complete understanding regarding the discovery dispute" at issue. But this does not justify additional briefing on this matter. Further, as discussed below, the surreply is moot.

Plaintiff's motion to compel requests generally that the court order defendants "to fully, completely, and without objection identify and produce all documents and things in its possession, custody, or control responsive to" four separate document requests served by plaintiff on defendants. These requests center on information relating to the existence of

---

[1]*In re Cessna 208 Series Aircraft Products Liability Litig.*, 05-1721, 2009 WL 3756980, at *15 (D. Kan. Nov. 9, 2009).

plaintiff's ESI that now resides on defendants' computer systems. Plaintiff argues that defendants are refusing to provide responsive documents, which is hampering plaintiff's ability to prosecute its case, and that defendants should be ordered to respond fully and be required to pay plaintiff for the costs incurred in bringing this motion. Defendants counter, arguing that they have been providing documents when possible, but that plaintiff's "attorney's eyes only" designations under the protective order and plaintiff's unwillingness to agree to a cost-effective discovery plan have hampered their efforts at compliance.

The parties dedicate nearly all of their briefs discussing and alleging who is to blame for the break-down in the discovery process in this case. Noticeably absent, however, is any meaningful discussion about the specific discovery requests at issue and the sufficiency of any responses or objections provided. Intending no disrespect of counsel, the undersigned submits that the record presented here is the litigation equivalent of the cafeteria food fight scene in the infamous movie *Animal House*.

Moreover, of the few items that are specifically referenced (i.e., a training manual and some employee personnel files), it appears that those items were all produced at least by the time defendants' responsive brief was filed. Yet plaintiff's reply brief fails to isolate what exactly remains in dispute. Accordingly, plaintiff's motion to compel is denied.

The undersigned appreciates that the discovery dispute in this case clearly goes beyond the four sets of document requests generally discussed by plaintiff. Although both sides briefly address some of the more fundamental disagreements at issue (e.g., the supposedly disproportionate costs associated with retrieving ESI from defendants'

computers, who should bear those costs given the supposedly very limited amount in controversy, and the potential trial-related consequences of any failure to preserve evidence as previously ordered), neither side has adequately addressed these concerns in a manner that allows for any meaningful (i.e., specific and practical) resolution by the court. Accordingly, this matter is set for a status conference and evidentiary hearing on **Tuesday, August 31, 2010, at 9:00 a.m.** The court has set aside the entire morning to this matter. Both parties shall be represented at the hearing by their "first-chair" trial counsel, company chief executive officer, and the most knowledgeable person in each party's respective organization regarding ESI.

Prior to the hearing, the parties' first-chair trial counsel, with the direct input by their respective ESI representatives, shall further confer in good faith about whom the court might appoint as a computer forensic expert to retrieve the ESI in question, as well as what the expert's qualifications should be, the projected costs, and how those costs should be apportioned, if at all. The parties shall file a detailed joint report, limited to 10 double-spaced pages, on these issues by **August 24, 2010**.

In consideration of the foregoing,

IT IS HEREBY ORDERED:

1. Plaintiff's motion to strike surreply (**doc. 101**) is granted. Defendants' surreply (doc. 100) is hereby stricken.

2. Defendants' motion for leave to file a surreply (**doc. 108**) is denied.

3. Plaintiff's motion to compel (**doc. 83**) is denied.

4. This matter is set for a status conference and evidentiary hearing on **August 31, 2010, at 9:00 a.m.** The parties shall submit a joint report as detailed above by **August 24, 2010**.

Dated August 12, 2010, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge
